# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Beth Gorkor                                                  3:16CV3038

    Plaintiff,

  v.                                                **ORDER**

Randall S. Schlievert, M.D.,

    Defendant.

Plaintiff Beth Gorkor lost her job with a daycare center after the defendant, Dr. Randall Schlievert, reported that a three-year-old child at the center, who had suffered a spiral femur fracture of his left leg, was a victim of child endangerment. At the time of the injury, plaintiff was the only adult on the premises. The defendant made his child abuse report despite the fact that the plaintiff contended–and the child told his mother–that his injury was the result of slipping on a wet floor while running to the bathroom.

Following the defendant's report, the plaintiff was indicted and arrested on charges of felonious child endangering. The plaintiff retained an expert physician, who found the injury consistent with the plaintiff's and the child's *res gestae* statements. Eleven months after the incident and five months after return of the indictment, the Lucas County, Ohio, Prosecutor dismissed the indictment.

This § 1983 suit followed.

Pending is defendant's motion to strike Count One of plaintiff's amended complaint. (Doc. 37). The basis of the motion is that, contrary to assurances that plaintiff's counsel made to

induce me to grant plaintiff leave to file an amended complaint, Count One asserts a "new theory" of liability not included in the original pleading.

For the reasons that follow, I overrule the defendant's motion, finding his argument without merit.

**Discussion**

As originally pleaded, Count One of the complaint alleged Fourth Amendment malicious prosecution; Count Two alleged a Fourth Amendment violation based on "continued seizure" (*i.e.*, plaintiff's freedom of movement being continually restrained after arrest, albeit without physical detention, until the prosecutor dismissed the indictment).

The defendant's earlier motion for judgment on the pleadings pointed out that no Sixth Circuit precedent supports the "continuous seizure" cause of action (Doc. 23, pg. ID #163); *see Fisher v. Dodson,* 451 F. App'x 501, 502 (6th Cir. 2014). The inability to prevail, especially in light of the immunity provided by *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982), no doubt prompted plaintiff to abandon that theory and seek leave to file her amended complaint.

Count One of the amended complaint alleges unlawful seizure under the Fourth Amendment based on plaintiff's arrest. Count two of the amended filing alleges malicious prosecution.

Both counts of the amended complaint are, as were both counts in the first complaint, grounded in the Fourth Amendment. Each count in each complaint looks, moreover, to the Amendment's probable cause requirement as its basis for relief.

Oddly, though, the plaintiff has reversed the sequence of the counts in the amended complaint: Count One claims plaintiff's arrest *via* an arrest warrant was without probable cause; Count Two claims plaintiff's prosecution was likewise without probable cause. The defendant,

both complaints assert, set both the arrest and prosecution in motion with a false report that the child's injury came from the plaintiff's hand.

But, contrary to defendant's claim, what has changed is not the theory of liability: the amended complaint reduces the span of restraint from months to the much shorter, though more grievous period of actual incarceration. The only change, therefore, relates to potential damages, not to potential liability.

Plaintiff's counsel did not violate his pledge not to introduce a "new theory" into the case through his amended complaint. A fair reading of the amended complaint shows that he kept that pledge. It is, accordingly,

**ORDERED THAT** the defendant's motion to strike Count One of plaintiff's amended complaint (Doc. 37) be, and the same hereby is, overruled.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge