**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| **BETH GOKOR,** | CASE NO. 3:16 CV 3038 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **DR. RANDALL S. SCHLIEVERT,** | |
| Defendant. | **MEMORANDUM OPINION AND ORDER** |

## INTRODUCTION

This matter is a Fourth Amendment malicious prosecution case brought under 42 U.S.C. § 1983. Currently pending before the Court are two motions *in limine*. *See* Docs. 81, 82. Defendant Dr. Randall S. Schlievert seeks to preclude Plaintiff Beth Gokor from introducing evidence at trial related to her alleged homelessness (Doc. 81), and seeks to bifurcate Plaintiff's punitive damages claim (Doc. 82).

For the reasons discussed below, the Court grants both motions.

## DISCUSSION

Defendant seeks to preclude Plaintiff from introducing evidence at trial related to her alleged homelessness (Doc. 81), and seeks to bifurcate Plaintiff's punitive damages claim (Doc. 82). Plaintiff opposes both motions. (Docs. 83, 84).

Homelessness

First, Defendant seeks to preclude Plaintiff from offering evidence of "homelessness" as part of her damages at trial because, he contends, any damages in this regard were not proximately caused by Defendant's report and are too speculative to render them relevant. He

1

further contends that any probative value of such evidence is outweighed by unfair prejudice. Plaintiff states she does not intend to testify "specifically" that she was homeless, but will explain "that after the report was rendered, she was terminated from her job as a childcare worker and could no longer afford to secure independent housing." (Doc. 84, at 2).

Proximate causation is an essential element of a § 1983 claim for damages. *Doe v. Sullivan Cty.*, 956 F.2d 545, 550 (6th Cir. 1992). The Sixth Circuit has framed "the § 1983 proximate-cause question as a matter of foreseeability, asking whether it was reasonably foreseeable that the complained of harm would befall the § 1983 plaintiff as a result of the defendant's conduct." *Powers v. Hamilton Cty. Pub. Def. Comm'n*, 501 F.3d 592, 609 (6th Cir. 2007). Further, "[p]roximate causation, or the lack of it, is generally a question of fact to be decided by a jury," *Toth v. Yoder Co.*, 749 F.2d 1190, 1196 (6th Cir. 1984), "[u]nless the evidence is such that a reasonable person could reach only one conclusion," *Pierce v. United States*, 718 F.2d 825, 829 (6th Cir. 1983).

The Court agrees with Defendant that proximate cause regarding Plaintiff's housing situation is lacking. Although a jury could determine it is reasonably foreseeable that a childcare worker investigated and prosecuted for child abuse would be unable to work in childcare and lose income, to say that such an individual would be rendered homeless as a result is too speculative to be foreseeable. Further, the Court finds that the danger of unfair prejudice outweighs any probative value of evidence regarding Plaintiff's housing situation. *See* Fed. R. Evid. 403. "Unfair prejudice does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence; rather it refers to evidence which tends to suggest a decision on an improper basis." *United States v. Bonds*, 12 F.3d 540, 567 (6th Cir. 1993)

(citation and internal quotation marks omitted). Plaintiff is therefore precluded from offering evidence regarding her housing situation at trial.

In Reply Defendant also appears to argue Plaintiff should similarly be precluded from introducing evidence of her lost income during this time period due to a lack of proof of causation. *See* Doc. 86. On this point, the Court disagrees.

The incident at issue occurred in late December 2014. A doctor at the hospital contacted Lucas County Children Services ("LCCS") based on a suspicion of child abuse. The LCCS case worker requested a consult from Defendant on January 5, 2015 and Defendant issued the report underlying this case on January 8, 2015. Although the daycare records show Plaintiff was terminated on January 5, 2015, Plaintiff testified she "thought she worked there after that" (though she was not certain), and recalled only being told "sometime in January . . . that Children's Services told [the daycare owner] that she was not allowed to let me come to work any longer until this was resolved." (Gokor Dep., Doc. 70-1, at 60-61, 58-59). As the prior judge assigned to this case determined, "a rational jury could find that [Defendant's] report and non-accidental injury finding were the foundation on which the indictment rested." (Doc. 79, at 12). And a malicious prosecution claim "encompasses wrongful investigation, prosecution, conviction, and incarceration." *Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010). Thus, to the extent Defendant takes issue with Plaintiff's ability to present evidence of lost wages, the Court finds this is question of fact for the jury to determine. A jury could find that when Defendant wrote his report, it was foreseeable that the responsible childcare provider would be investigated for, and later charged with child abuse, and would lose wages. The factual questions regarding the timing of Plaintiff's job loss, Defendant's report, the prosecution, and Plaintiff's later employment itself are for a jury to determine.

3

Thus, while Plaintiff may offer evidence related to her lost wages, she may not offer evidence of her housing situation.

Bifurcation

Next, Defendant seeks to bifurcate Plaintiff's claim for punitive damages at trial. He contends bifurcation is necessary to (1) prevent unfair prejudice, and (2) serve judicial economy. Plaintiff responds that bifurcation is unnecessary.

Under the Federal Rules of Civil Procedure, a court "[f]or convenience, to avoid prejudice, or to expedite and economize . . . *may* order a separate trial for one or more separate issues". Fed. R. Civ. P. 42(b) (emphasis added). The language of Rule 42(b) "places the decision to bifurcate within the discretion of the district court." *Saxion v. Titan–C–Manufacturing, Inc.*, 86 F.3d 553, 556 (6th Cir. 1996).

To establish a § 1983 malicious prosecution claim premised on a violation of the Fourth Amendment, Plaintiff must prove: (1) the State brought a criminal prosecution against her, the institution of which Defendant influenced or in which he participated; (2) there was no probable cause to prosecute her; (3) the prosecution resulted in a deprivation of liberty apart from an initial seizure (arrest); and (4) the criminal proceeding was resolved in her favor. *Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010). As the prior judge assigned to this case explained, Plaintiff need not show malice to establish liability, but must show Defendant made "deliberate or reckless falsehoods" resulting in arrest and prosecution without probable cause. *See* Doc. 79, at 10 (quoting *Johnson v. Moseley*, 790 F.3d 649, 655 (6th Cir. 2015)).

"Punitive damages are appropriate in a § 1983 action 'when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'" *King v. Zamiara*, 788 F.3d 207, 216 (6th

4

Cir. 2015) (quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983)). "The allowance of such damages involves an evaluation of the nature of the conduct in question, the wisdom of some form of pecuniary punishment, and the advisability of a deterrent." *Gordon v. Norman*, 788 F.2d 1194, 1199 (6th Cir. 1986).

Plaintiff contends that a jury's determination of the mental state for a malicious prosecution claim ("knowingly or recklessly made a false statement"), and punitive damages (". . . or when it involves reckless or callous indifference to the federal protected rights of others"), are such that if the jury finds Defendant liable, it will have also found the requisite mental state for punitive damages. It is true that the evidence presented as to both questions will be similar, but the jury must separately determine whether – in its judgment – punitive damages should be awarded. And the question of punitive damages is one of punishment, rather than of compensation. *See Wesley v. Campbell*, 864 F.3d 433, 443 (6th Cir. 2017) ("The allowance of such damages involves an evaluation of the nature of the conduct in question, the wisdom of some form of pecuniary punishment, and the advisability of a deterrent.") (quoting *Gordon v. Norman*, 788 F.2d 1194, 1199 (6th Cir. 1986)).

Courts often bifurcate the amount for punitive damages where the plaintiff seeks to introduce evidence of a defendant's financial condition to support a punitive damage award. *See, e.g.*, *Hughes v. Goodrich Corp.*, 2010 WL 3746579, at *4 n.5 (S.D. Ohio). Plaintiff notes, however, she "will not be offering at trial evidence concerning Defendant Schlievert's financial status because of the fact he is indemnified by his employer, Mercy Health." (Doc. 83, at 3). Defendant responds that "[t]his is not necessarily true" and Mercy Health's financial status is similarly not relevant to liability (though it is not clear Plaintiff meant to say she intends to introduce such evidence).

Despite this, the Court finds judicial economy and the avoidance of prejudice counsel in favor of bifurcation. First, judicial economy is served in that if the jury finds Defendant not liable, there is no need for any evidence or argument regarding the appropriateness of, or amount of, punitive damages. Second, arguments and evidence about the appropriateness of punitive damages speak to "the wisdom of some form of pecuniary punishment, and the advisability of a deterrent." *Wesley*, 864 F.3d at 443. Such arguments and evidence have the potential to confuse or prejudice the jury if considered at the same time the jury is weighing liability.

Therefore, the Court grants Defendant's motion to bifurcate. The first phase of the trial will consist of liability and compensatory damages, with no mention of punitive damages. Should the jury find liability, during the second phase of the trial – to immediately follow – the jury will consider both the appropriateness and amount of punitive damages.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Defendant's Motion in Limine Regarding Plaintiff's Allegations of Homelessness (Doc. 81), be and the same hereby is, GRANTED; and it is

FURTHER ORDERED that Defendant's Motion to Bifurcate and In Limine Regarding Plaintiff's Claim for Punitive Damages (Doc. 82) be, and the same hereby is, GRANTED.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE